Anderson Wise, Esq. Village Attorney, Sackets Harbor
The mayor of your village has resigned. Prior to his resignation, at the village's annual meeting, the mayor appointed a deputy mayor. You have asked whether the deputy mayor becomes the acting mayor, possessing all the powers of mayor and whether the office of mayor must be filled.
It is the responsibility of the mayor:
 "to appoint one of the trustees as deputy mayor at the annual meeting, who, during the absence or inability of the mayor, is vested with all the powers and may perform all the duties of the mayor" (Village Law, § 4-400[1][h]).
The resignation of the mayor created a vacancy in this office (Public Officers Law, § 30[1][b]). A vacancy in the office of mayor "shall be filled by the board of trustees" (Village Law, § 3-312[3]). While it is clear that the board of trustees has the duty to fill a vacancy in the office of mayor, there may be a short hiatus between the time of the vacancy and the time it can be filled. Three earlier opinions of this office dealt with the question whether the "acting mayor" (reference in former Village Law, § 80) may perform the powers and duties of mayor upon the occurrence of a vacancy in the office of mayor. (The relevant language of former section 80 is otherwise substantially the same as that of current section 4-400[1][h].) One opinion said that the language of former section 80 implies power to act only during the temporary absence or incapacity of an incumbent who continues to occupythe office of mayor (1944 Op Atty Gen [Inf] 156, 157). The other two, issued later, said that the acting mayor performs the powers and duties of mayor upon the occurrence of a vacancy in the office of mayor (1946 Op Atty Gen [Inf] 77; 1959 Op Atty Gen [Inf] 225).
Two other statutes providing the powers and duties of deputies include language similar to that of section 4-400(1)(h) (authority to act during absence or inability to act of principal), but add the authority to act during a vacancy in the principal's office (Public Officers Law, §9; Town Law, § 42). In light of these other statutory provisions, we believe that under section 4-400(1)(h); upon the occurrence of a vacancy in the office of mayor, the deputy mayor's authority to act is limited. Other statutory provisions are illuminating in defining the extent of the deputy mayor's authority under section 4-400(1)(h).
In addition to section 4-400(1)(h), which provides for the appointment of a deputy mayor to act in place of the mayor, in the event that both the mayor and deputy mayor are absent or unable to perform their duties, the trustees are required to appoint from among themselves a person to act as deputy mayor (Village Law, § 4-400[2]). In our opinion, these provisions were designed to ensure continuity of village government. It is the policy of the State to avoid vacuums in government as is evidenced from the statutory provisions calling for incumbents to hold over in office until their successors are chosen and have qualified (Public Officers Law, § 5).
We construe section 4-400(1)(h) as authorizing the deputy mayor to perform the duties of mayor upon the occurrence of a vacancy in that office, but in no event beyond the first board meeting at which the board of trustees could fill the vacancy, including a special board meeting that may have to be called for this purpose. The law mandates the filling of this vacancy (Village Law, § 3-312[3]), and the board of trustees may not through indecision or conscious design permit the deputy mayor to serve any longer. Upon a failure to appoint at this meeting, we believe there would be no authority for the deputy mayor to continue performing the duties of mayor. This construction is consistent with the State policy to prevent an inevitable vacuum in government and with the statutory command to fill the vacancy in the office of mayor.
The procedure for filling vacancies in village offices is provided by law (id., § 3-312[3]; see also N Y Const, Art XIII, § 3). If the vacancy occurs at least seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, it is to be filled by appointment for the balance of such year (id., § 3-312[3][b][1]). If the vacancy occurs less than seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, it is to be filled by appointment for the balance of the year, and, if the term of office does not expire at the end of such year, by further appointment to the end of the next official year (id.,
§ 3-312[3][b][2]). The official year begins:
 "* * * at noon on the first Monday in the month following the date of the general village election or the date such an election would have been held had elections been held annually" (id., § 3-302[1]).
Prior to the end of this period of appointment, the office must be filled at the general election or, if no general election is scheduled, at a special election (id., § 3-312[4]). The person elected serves for the balance, if any, of the unexpired term (ibid.).
Your village mayor resigned on May 7, 1982, and a general village election is scheduled for March 17, 1983. Under the statutory procedure, the person appointed to fill the vacancy in the office of mayor will serve out the balance of the current official year (id., § 3-312[3][b][1]). At the general village election scheduled on March 17, 1983, the office is to be filled by election for the balance, if any, of the unexpired term (id., § 3-312[4]).
We conclude that the resignation of the mayor of a village creates a vacancy in office that must be filled by appointment of the board of trustees until an election is held as required by law to fill the vacancy for the balance of the unexpired term. The deputy mayor performs the powers and duties of mayor upon the occurrence of the vacancy but in no event beyond the first board meeting at which the board of trustees could fill the vacancy, including a special board meeting that may have to be called for this purpose. If the board fails to make an appointment at this meeting, we believe there would be no authority for the deputy mayor to continue performing the duties of mayor.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.